No. 15,607.

## TAYLOR *v.* BRUNER, TRUSTEE.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Rights of Assignee to Possession.* —Under sections 2662 *et seq.,* R. S. 1881, the assignee may recover, as against the assignor, the actual possession of the real estate embraced in the deed of assignment, for the purpose of letting the same to tenants.

SAME.—*Inchoate Interest of Assignor's Wife.*—Where the wife of an assignor for the benefit of creditors does not join in the deed of assignment, her inchoate interest in the land conveyed does not become perfect until a sale by the assignee, who is entitled to actual possession until such sale.

From the Wabash Circuit Court.

*A. Taylor,* for appellant.

*W. G. Sayre* and *O. Bogue,* for appellee.

COFFEY, J.—The sole question presented by the record in this case, for our decision, relates to the right of the assignee,

under the provisions of section 2662, R. S. 1881, and following sections, to recover, as against the assignor, the actual possession of the real estate embraced in the deed of assignment, for the purpose of letting the same to tenants.

The rule as to personal property is, that the assignee, immediately after the deed is recorded which vests the title in him, shall take actual possession and control.

Following the familiar rule, however, that the possession of the vendor is the possession of the vendee, it is held that the deed vests the assignee with the possession of the real estate therein described whenever such things are done as vest the title in him. Burrill Assign., p. 406. In this respect a deed assigning real estate for the benefit of creditors does not differ from any other deed of conveyance.

"A general assignment of all the debtor's property will pass to the assignee everything which is by its nature assignable, except property specially exempted by law, or excepted by the terms of the deed or the schedules annexed, where the law allows an exception." Am. & Eng. Encyc. of Law—title "Assignments for Benefit of Creditors."

A deed of conveyance to land in the possession of the grantor not only carries with it constructive possession in the grantee, but, in the absence of any reservation or controlling statute, it carries, also, the right to actual possession. There is nothing in our statute upon the subject of voluntary assignments controlling the legal effect of the deed of assignment. Indeed, the inference to be drawn from its provisions is that it is the duty of the assignee to take the actual possession of all the assignor's property, except that portion exempt by law, and reduce the same to cash, as speedily as the interest of the estate will permit, for the benefit of the creditors. It is true, where the assignor has a wife, she has an inchoate interest in the land conveyed, unless she joins in the deed; but such interest does not become perfect until sale made by the assignee, and until such sale the assignee is, in our opinion, entitled to the actual posses-

sion of the real estate conveyed to him by the deed of assignment.

It follows that there is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed March 10, 1892.